**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

**DENNIS H. BARRY,**

Plaintiff,

vs. Civ. No. 97-563 JC/DJS

**KENNETH S. APFEL,**
**Commissioner of Social Security,**[1]

Defendant.

**MAGISTRATE JUDGE'S ANALYSIS AND RECOMMENDED DISPOSITION**[2]

l. Plaintiff invokes this Court's jurisdiction under 42 U.S.C. §405(g), seeking judicial review of a final decision of the Commissioner of the Social Security Administration (Commissioner). The Commissioner determined that Plaintiff is not eligible for disability insurance benefits. Plaintiff moves this Court for an order reversing the Commissioner's final decision or remanding this matter for a rehearing. The Court will review the Commissioner's decision to determine whether the

[1] Kenneth S. Apfel was sworn in as Commissioner of Social Security on September 29, 1997. Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, Kenneth S. Apfel should be substituted therefore, for Acting Commissioner John J. Callahan as the Defendant in this suit.

[2] Within ten (10) days after a party is served with a copy of these proposed findings and recommendations, that party may, pursuant to 28 U.S.C. Section 636(b)(1), file written objections to such proposed findings and recommendations. A party must file any objections within the ten day period allowed if that party seeks appellate review of the proposed findings and recommendations. If no objections are filed, no appellate review will be allowed.

Commissioner's findings are supported by substantial evidence and whether the Commissioner applied correct legal standards in making his findings. Williams v. Bowen, 844 F.2d 748 (10th Cir. 1988).

**Administrative History**

2. Plaintiff applied for disability insurance benefits under Title II of the Act and supplemental security income under Title XVI of the Act on June 27, 1994. Tr. 46. Plaintiff's application was denied at the administrative level. Plaintiff requested and received a de novo review before an administrative law judge (ALJ). A hearing was held before the ALJ at which Plaintiff and his attorney appeared and the ALJ found that Plaintiff was not disabled within the meaning of the Social Security Act. Tr. 23. The Appeals Council denied Plaintiff's request for review of the ALJ's decision. Tr. 5. The decision of the ALJ therefore became the final decision of the Commissioner for judicial review purposes.

**Statement of the Facts**

3. Plaintiff alleges a disability since May 5, 1992 due to residual back pain. Tr. 46. Plaintiff was born in 1954. Plaintiff has a seventh grade education. Tr. 32 and 86. Plaintiff worked in construction for over 20 years. Tr. 86.

**Issues**

4. Plaintiff alleges that the ALJ made three errors. Specifically Plaintiff claims that: (1) the ALJ improperly applied the grids; (2) the ALJ erred in finding that the mental impairment did not significantly compromise Plaintiff’s residual functional capacity; and (3) the ALJ erred in his consideration of Plaintiff’s treating physician’s opinion.

**The Standard of Review**

5. The function of this Court on review is not to try the Plaintiff's claim *de novo*, but to

determine upon the whole record whether the Commissioner's decision is supported by substantial evidence. Hamilton v. Secretary of Health and Human Services, 961 F.2d 1495, 1497-98 (10th Cir. 1992). Substantial evidence is more than a scintilla but less than a preponderance of the evidence. Richardson v. Perales, 402 U.S. 389, 401 (1971). It is such relevant evidence as reasonable minds might accept as adequate to support a conclusion. Id. It is well settled that if there is substantial evidence to support the Commissioner's decision then that decision must be upheld. However, the district court should not blindly affirm the Commissioner's decision but must instead scrutinize the entire record to determine if the Plaintiff's claim is supported by substantial evidence and the law has been correctly applied. Hogan v. Schweiker, 532 F.Supp. 639, 642 (D.Colo. 1982).

6. The Plaintiff must first make a *prima facie* showing of an impairment which effectively precludes him from returning to his past work. Once that showing is made, the burden shifts to the Commissioner to show: (1) that the Plaintiff, considering his age, education, work experience and physical shortcomings, has the capacity to perform alternative jobs and (2) that these specific types of jobs exist in significant numbers in the economy. Hall v. Harris, 658 F.2d 260, 264 (4th Cir. 1981); Salas v. Califano, 612 F.2d 480, 482-83 (10th Cir. 1979); Gardner v. Brian, 369 F.2d 443, 446-47 (10th Cir. 1966).

7. To regularize the adjudicative process, the Social Security Administration promulgated regulations which establish a "sequential evaluation process" to determine whether a claimant is disabled. 20 C.F.R. §404.1520. At the first three levels of the sequential evaluation process, the claimant must show: (1) that he is not engaged in substantial gainful employment; (2) that he has an impairment or combination of impairments severe enough to limit the ability to do basic work activities; and (3) that his impairment meets or equals one of the presumptively disabling impairments

listed in the regulations under 20 C.F.R. Part 404, Subpt. P, App. 1. If the claimant cannot show that he has met or equaled a listing, he must show at step four that he is unable to perform work he had done in the past. At the fifth step, the burden of proof shifts to the Commissioner to show that the claimant is able to perform other substantial gainful activity considering his age, education, and prior work experience. If a determination of disabled is found at any step, further inquiry is not required. 20 C.F.R. §404.1520.

8. Upon reaching the fifth step of the sequential evaluation process, the Medical-Vocational Guidelines (grids) are used in determining whether disability exists. 20 C.F.R. Part 404, Subpt. P, App. 2. These grids reflect the existence of jobs in the national economy at various residual functional levels by incorporating administrative notice of some occupational publications and studies. 20 C.F.R. §404.1566(d). This aids the Commissioner in determining what specific job types exist in the national economy for the claimant. To apply the grids, the ALJ must make findings of fact as to age, education, work experience, and residual functional capacity. 20 C.F.R. §§404.1545, 404.1563-.1565. These findings of fact are factored into the grids to produce a factual conclusion of disabled or not disabled. 20 C.F.R. §404.1569. The grids assume that the claimant's sole limitation is lack of strength, i.e., an exertional impairment. 20 C.F.R. Part 404, Subpt. P, App. 2, §200.00(e)(2).

9. Where a claimant presents evidence of both exertional and nonexertional impairments (such as pain, inability to maintain concentration, and substance abuse), the grids are not conclusive but merely form a framework for disability determination. Id. In that situation, the ALJ must make findings on how much a claimant's work ability is further diminished by the nonexertional limitations. Id. If the claimant's nonexertional limitations are significant enough to reduce further his or her work

capacity, the ALJ may not rely upon the grids but instead must give full consideration to all relevant facts, including vocational expert testimony if necessary, in determining whether the claimant is disabled. Id.; Channel v. Heckler, 747 F.2d 577, 583 (10th Cir. 1984). However, the mere presence of nonexertional impairments does not automatically preclude reliance on the grids. Ray v. Bowen, 865 F.2d 222, 225 (10th Cir. 1989); Gossett v. Bowen, 862 F.2d 802, 807-08 (10th Cir. 1988); Channel, 747 F.2d at 582 n. 6.

**Discussion**

10. Plaintiff failed to carry his burden in establishing that he had a disabling impairment. To qualify for benefits, Plaintiff must demonstrate, in accordance with the relevant portion of Section 223(d) of the Act, 42 U.S.C. 423(d), that he is unable to engage in substantial gainful activity due to a medically determinable physical or mental impairment which can be expected to result in death or has lasted or can be expected to last for at least 12 months. 42 U.S.C. §416(1)(10). The Act defines a physical or mental impairment as one "that results from anatomical, physiological or psychological abnormalities which are demonstrated by medically acceptable clinical or laboratory diagnostic techniques." 42 U.S.C. 423(d)(3). The Commissioners' regulations require claimants to support their allegations through medically acceptable clinical and diagnostic techniques. 20 C.F.R. 404.1513. In this case, the medical records simply do not support Plaintiff's allegations.

11. Plaintiff's arguments center around his alleged mental impairment. The record supported the ALJ's finding that Plaintiff's ability to do light work was reduced by Plaintiff's mild depression. Tr. 22. Plaintiff did not regularly seek treatment for depression. He did not allege depression when he filed his application. Though Plaintiff says he takes Prozac, there is nothing in the record to support this testimony. Further, Plaintiff indicated in his application materials

completed in 1994 that he was not taking any medication. Plaintiff said that he saw a Dr. Anderson in Portland for his depression. Again nothing in the record supports this testimony. There are not any records from a Dr. Anderson. Plaintiff said that he had a learning disability. The records do not contain documentation to support this statement. Plaintiff's statements alone cannot support a finding of disability. See Bernal v. Bowen, 851 F.2d 297, 300 (10th Cir. 1988). The ALJ properly discounted Plaintiff's unsupported nonexertional symptoms. See Diaz v. Secretary, 898 F.2d 774, 777 (10th Cir. 1990).

12. Plaintiff relied on a report by Dr. Enfield. Little weight must be given to this report as it was obtained solely to aid the Plaintiff in his pursuit of disability benefits. See Shannon v. Chater, 54 F.3d 484, 486 (8th Cir. 1995). Dr. Enfield did not render any kind of opinion about Plaintiff's mental status during the adjudicated period. His evaluation took place eighteen months at the ALJ's unfavorable decision. Further, his report does not provide substantial evidence of an alleged depression of disabling severity. His report appears to be based, for the most part, upon Plaintiff's own self-reporting. Plaintiff argues that Dr. Enfield found clinical evidence of depression. What is noted in his report is that on the day of the evaluation he made certain observations of the Plaintiff which were consistent with depression. This is not substantial evidence of a disabling depression. It is certainly consistent with the ALJ's finding of a mild depression. Frey v. Bowen, 816 F.2d 508 (findings of a nontreating physician based upon limited contact and examination are of suspect reliability.)

13. The Plaintiff also relies on the findings of Dr. Glover. The ALJ rejected his opinion findings it conclusory. Tr. 20. The ALJ properly gave specific reasons for rejecting the treating physician's opinions. Sorenson v. Bowen, 888 F.2d 706, 711 (10th Cir. 1989). The ALJ stated that

he reviewed Dr. Glover's clinical and radiographic test results and these did not support Dr. Glover's finding.

14. The presence of a nonexertional impairment does not preclude reliance on the grids. Thompson v. Sullivan, 987 F.2d 1482 (10th Cir. 1993). As discussed supra, the ALJ's finding that Plaintiff's mental impairment is not serious enough to limit the range of jobs available to him is supported by substantial evidence. Thus reliance on the grids is proper. Gossett v. Bowen, 862 F.2d 802, 808 (10th Cir. 1988).

**Recommended Disposition**

For these reasons, I recommend that Plaintiff's Motion to Remand be denied.

**Don J. Svet**
**UNITED STATES MAGISTRATE JUDGE**